# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PATRICIA WOLFE,<br>     Appellant,<br><br>    v.<br><br>OFFICE OF PERSONNEL<br> MANAGEMENT,<br>     Agency. | DOCKET NUMBER<br>AT-831E-09-0766-X-1<br><br><br>DATE: August 19, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia Wolfe, Saint Augustine, Florida, pro se.

Thomas L. Styer, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  On March 23, 2011, the administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in noncompliance with the Board's November 9, 2010 Final Order,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and the matter was referred to the Board for consideration.[2] MSPB Docket No. AT-831E-09-0766-X-1, Compliance Referral File (CRF), Tab 1. *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012). In its Final Order, the Board directed the Office of Personnel Management (OPM) to grant the appellant's application for disability retirement. MSPB Docket No. AT-831E-09-0766-I-1, Initial Appeal File, Tab 7.

¶2 The appellant filed a petition for enforcement alleging that OPM had not complied with the Board's Final Order. The administrative judge recommended that OPM be ordered to show that it had completed the final adjudication of the appellant's disability retirement or explain why the final adjudication had not been completed and detail the steps it was taking to complete the final adjudication. CRF, Tab 1.

¶3 On March 21, 2012, OPM submitted documentation showing that the appellant received a net interim payment of $2,551.70 for the month of February 2010, and that her annuity was finalized on March 5, 2010. CRF, Tab 4. The appellant is currently receiving a gross monthly annuity payment of $3,362.00. *See id.* The appellant did not respond to OPM's submission. By order dated June 20, 2014, the Board informed the appellant that, if she did not respond to OPM's evidence of compliance within 20 days, the Board would assume that the appellant was satisfied and would dismiss the petition for enforcement. CRF, Tab 5.

¶4 In light of OPM's evidence of compliance, and the appellant's failure to respond, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for enforcement in this case was filed before that date. The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.